IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TERRENCE J. SHELBY, JR.,<br>Institutional ID No. 177856,<br><br>Plaintiff,<br><br>v.<br><br>Wellpath, LLC,<br><br>Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 5:21-CV-262-BQ |

## REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

The Honorable Sam R. Cummings, Senior United States District Judge, transferred this case to the undersigned United States Magistrate Judge by order dated January 11, 2022. ECF No. 11. In accordance with said order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and determined that pro se Plaintiff Terrence J. Shelby's claim under the Americans with Disabilities Act (ADA) against Defendant Wellpath, LLC (Wellpath) survives preliminary screening. ECF No. 21. Consequently, the Court entered an order requiring Wellpath to answer or otherwise plead to Shelby's claim. *Id.* Wellpath filed its Answer on December 21, 2022. ECF No. 31. As of today's date, all parties have not consented to jurisdiction by the magistrate judge. Upon review of Wellpath's Answer, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

### I.   Discussion

The undersigned previously found that Shelby's ADA claim survives preliminary screening.[1] *See* ECF No. 21, at 22–25. The Court addresses this claim below.

---

[1] The Court concluded that all of Shelby's 42 U.S.C. § 1983 claims failed to state a claim for relief and dismissed them through the same order. *See* ECF Nos. 21, 22.

"The ADA requires public entities, including jails and prisons, to make 'reasonable accommodations for disabled individuals.'" *Buchanan v. Harris*, No. 20-20408, 2021 WL 4514694, at *2 (5th Cir. Oct. 1, 2021) (quoting *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020)). To state a viable claim under the ADA, a plaintiff must show the following:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Epley v. Gonzalez*, 860 F. App'x 310, 312 (5th Cir. 2021) (per curiam) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)).

Shelby avers that due to "a knee injury" he had a medical restriction limiting him to low tier, bottom bunk housing. Questionnaire 1, ECF No. 18; Am. Compl. 3–4, ECF No. 5.[2] Although unclear, the Court understands Shelby as stating that an orthopedic specialist at University Medical Center (UMC) in Lubbock, Texas, imposed the low tier, bottom bunk restriction. *See* Questionnaire 6 ("When I first went to medical about my right knee after x-ray was done I was told I would be sent to UMC to see a specailist because nobody in [Lubbock County Detention Center (LCDC)] specailize in my injury [sic all]."), 12 (asserting that he observed Dr. Ferguson "write out something deeming [Shelby] unfit for top bunk, top tier"), 14 (describing Dr. Ferguson as an "orthopedic"). The authenticated records reflect that on September 30, 2020, Dr. Ferguson diagnosed Shelby with chondromalacia patella, i.e., a breakdown of cartilage under the kneecap, but that Shelby's knee was otherwise stable, had intact ligaments, and did not require surgery. Dr. Ferguson recommended Shelby strengthen the vastus medialis oblique muscle, be assigned to

---

[2] Page citations to Shelby's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

"bottom bunk, no stairs," and to follow up as needed. An authenticated medical record dated the same day reflects that LCDC medical staff issued a "low bunk, no stairs [restriction] per ortho."

Shelby asserts that his knee injury constitutes a disability and that Wellpath "denied [him] the right to be housed in the proper cell [on] Sep. 22." *Id.* at 14. Shelby contends that his knee injury prevented him from exercising and made it difficult to climb stairs and access the top bunk bed. *Id.*; *see* 42 U.S.C. § 12102(4)(A) ("The definition of disability . . . shall be construed in favor of broad coverage of individuals . . . ."); *Epley*, 860 F. App'x at 312–13 (explaining that "[w]hether a plaintiff is disabled under the ADA is not a demanding question" and requires only that the Court ask if the plaintiff has a physical impairment that "substantially limits" at least one major life activity such as walking, lifting, or bending (quoting § 12102(2)).

Shelby further maintains that until approximately September 22, 2021, he had an active low tier, bottom bunk medical pass, and was housed accordingly. *See* Am. Compl. 3–4. Beginning September 22, however, Shelby avers that he repeatedly requested to be housed on a lower tier, but officials did not accommodate him, despite knowing of his knee injury and former placement in a lower tier cell. *See, e.g.*, Questionnaire 1–4, 6, 14–15.

Accepting Shelby's allegations as true, as the Court must at this stage of the proceedings, the Court finds—for the reasons set forth in its August 25, 2022, order (ECF No. 21, at 22–24)—his factual assertions state a claim sufficient to survive preliminary screening, i.e., an ADA claim against Defendant Wellpath.[3]

---

[3] The Court acknowledges that Wellpath is likely a private contractor and that Title II of the ADA applies to public entities. 42 U.S.C. § 12132; *see* § 12131 (defining "public entity" as including "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government"). Because Shelby expressly attributes the ADA violation to Wellpath (Questionnaire 14), the Court directed it be served, but it is unclear whether the involved individual works for Wellpath or LCDC. *See, e.g., id.* at 14–15; ECF No. 31, at 2, 3 (admitting that an unspecified "member of the medical staff removed the low bunk and low tier restriction for [Shelby]"). Moreover, Shelby's factual allegations, taken as true, state a claim sufficient to survive screening. *See* ECF No. 21, at 22–24. For these reasons, the undersigned concludes Shelby's claim should proceed at this stage. *Cf. Edison v. Douberly*, 604 F.3d 1307, 1308, 1310 (11th Cir. 2010) (dismissing at summary judgment prisoner's ADA

Given the timeframe set forth by the district judge in the referral order, it appears prudent to transfer the case back to the district judge for implementation of a scheduling order. Thus, the undersigned **RECOMMENDS** that the United States District Judge enter a Rule 16 scheduling order, setting dates certain for pretrial deadlines and filing dispositive motions.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action Number 5:21-CV-262-C.

## II.  Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

claim against private prison contractor); *Morgan v. Mississippi*, No. 2:07cv15–MTP, 2009 WL 1609060, at *1–2, *13 (S.D. Miss. June 8, 2009) (granting summary judgment in favor independent contractor as to prisoner's ADA claim, which initially survived screening).

Dated: December 27, 2022.

                                                                                            
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE